UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, AND APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, TRUSTEES OF THE NEW YORK CITY
CAPRENTERS RELIEF AND CHARITY FUND,
THE CARPENTER CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK, AND THE NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

22-cv-2072 (JGK)

MEMORANDUM OPINION AND
ORDER

                              Petitioners,

        - against -

RSG CONSTRUCTION CORPORATION,

                              Respondent.

JOHN G. KOELTL, District Judge:

        The Trustees of the New York City District Council of

Carpenters Pension Fund, Welfare Fund, Annuity Fund, and

Apprenticeship, Journeyman Retraining, Educational and Industry

Fund (the "ERISA Funds"); Trustees of the New York City

Carpenters Relief and Charity Fund (the "Charity Fund");

Carpenter Contractor Alliance of Metropolitan New York (the

"Carpenter Contractor Alliance"); and New York City District

Council of Carpenters (the "Union") (together with the Trustees

of the ERISA Funds, the Trustees of the Charity Fund, and the

Carpenter Contractor Alliance, the "Petitioners"), have filed a

petition to confirm an arbitration award (the "Petition" or

"Pet.," ECF No. 1) that was issued pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 185 et seq. The arbitration award was issued by arbitrator J.J. Pierson on December 29, 2021 and was rendered pursuant to a collective bargaining agreement involving the Union and the Respondent, RSG Construction Corp. The Respondent has not opposed the Petition. For the reasons explained below, the Petition to confirm the arbitration award is granted.

## I.

The following uncontested facts are taken from the Petition and documents submitted in support of the Petition.

The Trustees of the ERISA Funds are employer and employee trustees of multiemployer labor management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. Pet. ¶ 4. The Trustees of the Charity Fund are trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). Pet. ¶ 5. The Carpenter Contractor Alliance is a New York not-for-profit corporation. Id. ¶ 6. The Union is a labor union that represents employees in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. Pet. ¶ 7. The Union is the certified bargaining representative for certain employees of the Respondent. Id. The Respondent is a domestic business

corporation incorporated under the laws of New York and was, at
all relevant times, an employer within the meaning of Section
(3)5 of ERISA, 29 U.S.C. § 1002(5), and an employer in an
industry affecting commerce within the meaning of Section 501 of
the LMRA, 29 U.S.C. § 142. Pet. ¶ 8.

The Respondent has performed work on public projects for
the New York City Housing Authority ("NYCHA"). Id. ¶ 9. As a
contractor for NYCHA, the Respondent signed a Letter of Assent
agreeing to be bound to a project labor agreement ("PLA") for
NYCHA. Id. ¶ 10.

The PLA required Respondent to "pay on a timely basis
contributions on behalf of all employees covered by this
Agreement to those established jointly trusteed employee benefit
funds designated in Schedule A [of the PLA]." PLA at 24-25; see
also Pet. ¶ 11. Under the PLA, the Respondent was also bound by
the Independent Building Construction Agreement (the "CBA") with
the Union. Id. ¶ 13.

The CBA requires the Respondent to "make contributions for
each hour worked of all employees" covered by the CBAs and
within the Union's territory. CBA at Art. XV, § 1. The CBA
obligates the Respondent to "furnish proper records when
requested, for the purpose of completing an audit." Id.; Pet.
¶ 16. The CBA further provides that "[s]hould any
dispute . . . arise . . . concerning any claim arising from

payments . . . which [are] allegedly due, either party may seek arbitration." CBA at Art. XV, § 7.

The CBA and the PLA bind Respondent to the policies, rules, and regulations adopted by the ERISA Funds. See PLA at Art. 11, § 2(B); CBA at Art. XV, § 3. The ERISA Funds established a policy dated January 2016 (the "Collection Policy," ECF No. 1-8) which provides, among other things, that "[i]n the event that an employer refuses to permit a payroll review and/or audit upon request . . . the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period." Collection Policy at 6-7; Pet. ¶ 22.

A dispute arose between the parties when the Respondent failed to make its books and records available for an audit for the period covering March 7, 2019 through the then-present date. Id. ¶¶ 23-24. The Petitioners then initiated arbitration pursuant to the Project Agreement and the CBA. Id. ¶ 25. After a hearing, in an opinion dated December 29, 2021, the arbitrator determined that the Respondent owed $2,900 (the "Award"), consisting of court costs of $400, attorney's fees of $1,500, and an arbitrator's fee of $1,000. Id. ¶ 27. As of the date of

4

the Petition, the Respondent had failed to pay any portion of

the Award. Id. ¶ 29.

## II.

Section 301 of the LMRA grants federal courts jurisdiction

over petitions brought to confirm labor arbitration awards.

Local 802, Associated Musicians of Greater N.Y. v. Parker

Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998). The Supreme

Court has explained that district courts "are not authorized to

reconsider the merits of an award even though the parties may

allege that the award rests on errors of fact or on

misinterpretation of the contract." United Paperworkers Int'l

Union v. Misco, Inc., 484 U.S. 29, 36 (1987); see also Nat'l

Football League Mgmt. Council v. Nat'l Football League Players

Ass'n, 820 F.3d 527, 536 (2d Cir. 2016).[1] Instead, "[a]s long as

the arbitrator is even arguably construing or applying the

contract and acting within the scope of his authority, that a

court is convinced he committed serious error does not suffice

to overturn his decision." Int'l Brotherhood of Elec. Workers,

Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704, 713 (2d

Cir. 1998) (quoting Misco, 484 U.S. at 38); see also Nat'l

Football League Mgmt. Council, 820 F.3d at 536. Accordingly, an

arbitration award is to be confirmed if there is even a "barely

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, citations, footnotes, and internal quotation marks in quoted
text.

colorable justification" for the decision. U.S. Steel & Carnegie

Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985).

The Respondent has failed to respond to the Petition, and

it is unopposed. However, the Court must do more than simply

issue a default judgment in favor of the Petitioners. The Court

of Appeals for the Second Circuit has explained that a default

judgment is generally inappropriate in a proceeding to confirm

or vacate an arbitration award because "[a] motion to confirm or

vacate an [arbitration] award is generally accompanied by a

record . . . [and] the petition and accompanying record should

[be] treated as akin to a motion for summary judgment based on

the movant's submissions." D.H. Blair & Co., Inc. v. Gottdiener,

462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well

established. "The [C]ourt shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477

U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d

Cir. 2017). The substantive law governing the case will identify

those facts that are material, and "[o]nly disputes over facts

that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see

also N.Y.C. Dist. Council of Carpenters v. Reilly Partitions,
Inc., No. 18-cv-1211, 2018 WL 2417849, at *2 (S.D.N.Y. May 29,
2018).

### III.

In this case, the arbitrator's award was not the
arbitrator's "own brand of industrial justice." See Misco, 484
U.S. at 36 (quoting United Steelworkers v. Enter. Wheel & Car
Corp., 363 U.S. 593, 597 (1960)). The arbitrator found that
"uncontroverted testimony and evidence . . . established that
the Respondent was bound to a CBA with" the Union and that the
Respondent failed to make its books and records available to the
Union to perform an audit. Pet. Ex. J. at 2. The arbitrator
determined that the Respondent is liable for a total of $2,900,
consisting of $400 for the costs of the proceeding, attorney's
fees of $1,500, and an arbitrator fee of $1,000. Id. Based on
the limited review that is appropriate of an unopposed petition
to confirm an arbitration award, there is no genuine dispute of
material fact and the arbitrator's award should be confirmed.

### IV.

The Petitioners also seek judgment to recover (i)
attorney's fees totaling $687.50 and court costs totaling $77,
arising out of this petition, and (ii) post-judgment interest at
the statutory rate.

Courts in this district "have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. All. Workroom Corp., No. 13-cv-5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013). Moreover, the attorney's fees sought by the Petitioners are also recoverable under the CBA. In relevant part, Article XV, Section 6 of the CBAs provide that:

> In the event that formal proceedings are instituted before a court of competent jurisdiction . . . to collect delinquent contributions . . . and if such court renders a judgment in favor of [the Funds], the Employer shall pay to such Fund(s) . . . reasonable attorney's fees and costs of the action.

CBA at Art. XV, § 6(a)(4).

The attorney's fees sought in this case are thoroughly reasonable. In support of the Petitioners' claim for attorney's fees, the Petitioners' counsel submitted an invoice listing the tasks completed, the hourly billing rates, and the total hours billed. Pet. Ex. L, ECF No. 1-12. The Petitioners seek $687.50 in attorney's fees for 2.5 hours of work, for which the Petitioners' counsel billed the services of a partner attorney at a rate of $350 per hour and an associate attorney at a rate of $275 per hour. Pet. ¶¶ 35-36. The rates billed and time expended on this action by the Petitioners' counsel are

reasonable. See Trustees of N.Y.C. Dist. Council of Carpenters
Pension Fund v. Stop & Work Constr., Inc., No. 17-cv-5693, 2018
WL 324267, at *3 (S.D.N.Y. Jan. 5, 2018) (approving attorney's
fees that billed Of Counsel attorneys at a rate of $300 per hour
and an associate attorney at a rate of $225 per hour); Trustees
of N.Y.C. Dist. Council of Carpenters Pension Fund v. Metro.
Fine Mill Work Corp., No. 14-cv-2509, 2015 WL 2234466, at *5
(S.D.N.Y. May 12, 2015) (approving attorney's fees that billed
associates at a rate of $225 per hour). Because the rates billed
and time expended on this action by the Petitioners' counsel are
reasonable, the Court grants the Petitioners' request for
$687.50 in attorney's fees.

Court costs for service fees are routinely permitted. See
N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza
Construction Grp., Inc., No. 16-cv-1115, 2016 WL 3951187, at *2
(S.D.N.Y. July 19, 2016) (collecting cases). The Court grants
the total requested court costs of $77.

The Petitioners are also entitled to post-judgment interest
on the full amount of the judgment at the rate provided under 28
U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir.
1996) ("The award of post-judgment interest is mandatory on
awards in civil cases as of the date judgment is entered."
(citing 28 U.S.C. § 1961(a))).

## CONCLUSION

The petition to enforce the arbitration award dated December 19, 2021 is granted. The Clerk is directed to enter the attached judgment. The Clerk is further directed to close this case and to close all pending motions.

**SO ORDERED.**

Dated:      New York, New York
            September 6, 2022

                                        John G. Koeltl
                                United States District Judge